UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HARRY PEPPER & ASSOCIATES,
INC.,

    Plaintiff,

v.                                            Case No. 3:16-cv-657-J-32PDB

WESTERN SURETY COMPANY,

    Defendant.

## **O R D E R**

This breach of contract dispute is before the Court on Defendant Western Surety Company's Motion to Dismiss, Transfer, or Stay and Order to Arbitration (Doc. 8), to which Plaintiff Harry Pepper & Associates, Inc. ("HPA") has filed a response (Doc. 12).

**I.    BACKGROUND**

As part of a restoration project for the rocket launch site at the Stennis Space Center in Hancock County Mississippi, NASA awarded a contract to Jacksonville-based construction company HPA. Pursuant to a January 2014 task order, HPA entered into a subcontract with PASI of LA, Inc. (the "Subcontract") to perform blasting and painting work on a structure at Stennis called the B2 Test Stand. Western, as surety, issued Subcontract Performance Bond No. 58709779 (the "Bond"), which named HPA as "Obligee (Contractor)" and PASI as "Principal (Subcontractor)." (See Doc. 1-1, an excerpt of the Bond).

After work at the site had begun, NASA allegedly became aware that PASI had failed to comply with its obligations under the Subcontract, specifically by failing to properly abate lead-based paint, and shut down all work on the B2 Test Stand. (Doc. 1 ¶¶ 16-23). As a result, in February 2015, HPA terminated the Subcontract with PASI for default, though PASI contests that it was in default and claims the termination was wrongful. (Id. ¶ 30).

HPA demanded that Western undertake performance of its Bond obligations, which include remedying the default, completing the Subcontract, obtaining new contractors, paying HPA, or denying liability. (Doc. 1-1 at 3). In March 2015, a Western representative visited the site at Stennis and met with HPA representatives regarding PASI's alleged default. (Doc. 1 ¶ 36; Doc. 8 at 3). Western allegedly notified HPA that it was proceeding with a bid process for replacement contractors, and HPA obtained bids from alternate subcontractors and alleges that it submitted those proposals to Western. (Doc. 1 ¶¶ 50, 64-65). Despite the parties' actions, replacement contractors were not hired, and in October 2015, Western wrote to HPA that it disputes coverage and liability for the damages arising out of the default. (Id. ¶ 67).

This confluence of events has spawned numerous legal actions. In August 2015, HPA filed a demand for arbitration against PASI, and the parties are arbitrating their dispute in Hancock County, Mississippi.[1] (Doc. 8-1). In November 2015, PASI filed a lawsuit against HPA and its Payment Bond Surety, Travelers Casualty & Surety

---

[1] As neither party has informed the Court of the status of the arbitration, the Court assumes the arbitration is ongoing.

Company of America, in the U.S. District Court for the Southern District of Mississippi, Southern Division (Doc. 8-5); the court stayed the case in the interest of judicial economy pending the outcome of arbitration (Doc. 8-7). Finally, on May 27, 2016, HPA filed this lawsuit against Western, alleging two counts for breach of contract (Doc. 1).[2] Now, Western contends that venue here is improper and thus argues that the Court should dismiss or transfer the case, or stay the case and order the parties to arbitrate the dispute. (Doc. 8). HPA opposes the motion on the grounds that venue is proper here, as the Bond covers HPA, a Jacksonville-based company, and the parties corresponded to and from Florida in the course of discussing their obligations under the Bond. (Doc. 12).

## II.   STANDARD OF REVIEW

A motion to transfer venue is governed by 28 U.S.C. § 1404(a). Section 1404(a) is the statutory codification of the common law doctrine of forum non conveniens. See Tampa Bay Storm v. Arena Football League, Inc., 932 F.Supp. 281, 282 (M.D. Fla. 1996). The section states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Under § 1404(a), a district court may transfer any civil action to any district where it could have been brought for: (1) the convenience of the parties; (2) the

---

[2] PASI also filed a lawsuit against HPA, Jacobs Technology, Inc., and NASA in the U.S. District Court for the Middle District of Louisiana in October 2015 (Doc. 8-2), but in August 2016, the court dismissed the case against HPA for lack of personal jurisdiction (Doc. 11).

convenience of the witnesses; and (3) the interests of justice. See Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). The Eleventh Circuit has determined that a court should be somewhat restrictive in transferring actions, stating that "[t]he plaintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations." See id. (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B 1981), cert. denied, 456 U.S. 918 (1982) (internal quotations omitted)). The movant has the burden of persuading the trial court that the transfer is appropriate and should be granted. See id. In considering whether to transfer, the Court must consider: the plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

### III. ANALYSIS[3]

#### A. Jurisdiction in the Southern District of Mississippi

HPA does not dispute that the matter could have been brought in the Southern District of Mississippi; it merely argues that its chosen venue is proper and transfer is unwarranted. (Doc. 12 at 1-6). Based on the allegations of HPA's complaint, which show that the vast majority of events giving rise to HPA's cause of action occurred in

---

[3] Because the Court determines that transfer is appropriate pursuant to § 1404(a), it shall not address Western's requests for dismissal or a stay.

4

Mississippi, the case could have been brought in Mississippi as well as in Florida. Therefore, the initial requirement of transfer to a district where the cause of action could have originally been brought is met.

### B. Convenience of the Witnesses and Parties, and Interest of Justice

#### 1. Convenience of the Witnesses and the Parties

The most important factor the Court must consider is the convenience of the witnesses. Valentino v. Eli Lilly & Co., No. 6:14-CV-1816-ORL-41, 2015 WL 4352321, at *5 (M.D. Fla. July 14, 2015). Here, Western identifies specific witnesses located in Mississippi that it believes will be essential to understanding the performance of the Subcontract and the condition of the Stennis work site. Specifically, Western points to NASA employees Brennan Sanders and Jason Edge, who were involved in approving the lead-based paint plan and suspending the work once problems arose. (Doc. 8 at 12). Both individuals work at Stennis in Mississippi. In addition, Western notes that employees of Natal Contractor, Inc. and ADS Services, Inc., companies which HPA considered as replacements for PASI and which performed some of the completion work, are believed to be working at Stennis. (Id.). Finally, while not providing specific names, Western emphasizes that many of the people who worked at the site and will be key witnesses either still work there or are at least located in Mississippi. (Id.). Western also identifies multiple individuals who might be important witnesses, such as PASI employees and environmental testing workers, who are located in Louisiana and Alabama.

In response, HPA reiterates that many of these witnesses are located in Louisiana, not Mississippi. However, it fails to identify any key witnesses, other than

5

possibly ADS (a Tampa-based company), in Florida who might be called to testify. And Western has already stated that ADS employees are potentially still working at Stennis. (Doc. 8 at 12). On balance, given that many of the potential witnesses are located in Mississippi, the convenience of the witnesses lies in favor of Western.

Regarding the convenience of the parties, Western states that although HPA's home office is in Jacksonville, Florida, HPA also maintains an office at the Stennis site. Accordingly, individuals at HPA's Mississippi office would have the most firsthand knowledge regarding the condition of the site and PASI's performance. (Id. at 13). Western's own representatives involved with the Bond, however, are in Chicago. Under these circumstances, this aspect of the convenience analysis weighs slightly in favor of transfer or is neutral.

### 2. Location of Relevant Documents and Other Sources of Proof

"Relative ease of access to the sources of proof is an important consideration in determining a motion to transfer venue." See American Aircraft Sales Intern., Inc. v. Airwarsaw, Inc., 55 F. Supp. 2d 1347, 1353 (M.D. Fla. 1999) (citing Cortez v. First City National Bank of Houston, 735 F.Supp. 1021, 1024 (M.D. Fla. 1990)). Western states that "all relevant documents will be in the files maintained by NASA, HPA[,] and Jacobs Technology, Inc., the general contractor that was tasked with monitoring the activities at the site." (Doc. 8 at 13). Moreover, Western contends that additional relevant documents are located in PASI's files, likely in Louisiana.

HPA counters that PASI's files in Louisiana do not favor a transfer, and observes that Western offers no support for its assertion that HPA's records are stored

6

in Mississippi. (Doc. 12 at 5). Notably, HPA does not dispute that the relevant files are in its Stennis office, nor does it state that there are any relevant documents in its Florida office. As such, this factor weighs in favor of transfer.

### 3. Locus of Operative Facts

Although HPA argues that Florida is the appropriate venue because the case arises from "Defendant's breach of promises made to a company that [it] knew was in Jacksonville, Florida," (Doc. 12 at 6), it is undeniable that a "substantial part" of the events giving rise to the alleged breach occurred at Stennis in Mississippi.[4] Here, though it is true that HPA is based in Florida, and thus the Bond covered a Florida company, HPA's presence in Florida seems merely incidental. Therefore, this factor weighs in favor of transfer.

### 4. Remainder of the Factors

Although HPA does not specifically dispute the remaining factors under consideration, for the sake of thoroughness, the Court will briefly address them. The availability of compulsory process weighs slightly in favor of transfer, as it seems that

---

[4] 28 U.S.C. § 1391(b) provides:

Venue in general. —A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

most of the witnesses are located in Mississippi and would be subject to the subpoena power of that district court. The parties agree that Mississippi law governs the Subcontract, and because the Bond incorporates the Subcontract by reference, Western argues that Mississippi law applies to it as well. While HPA hedges as to what state's law applies to the Bond, regardless, this Court is fully competent to apply foreign law. However, it does not regularly apply Mississippi law as does the U.S. District Court for the Southern District of Mississippi, and therefore this factor weighs slightly in favor of transfer. Finally, even Western concedes that the relative means of the parties is a neutral factor.

All that remains for review is HPA's choice of forum. The Court acknowledges that HPA's choice to litigate in Florida should not be disturbed unless Western can show that it is clearly outweighed by other considerations. However, HPA has offered only tepid arguments why the case belongs here. In contrast, Western has met its burden regarding transfer. Because the project, work, and those who worked on and were involved with both are located in Mississippi, and related litigation is also pending in the Southern District of Mississippi, the totality of the circumstances militates in favor of a transfer of this case to that District.

Accordingly, it is hereby

**ORDERED:**

1.     Defendant Western Surety Company's Motion to Dismiss, Transfer, or Stay and Order to Arbitration (Doc. 8) is **GRANTED** to the extent stated herein.

    2.      Pursuant to 28 U.S.C. § 1404(a), this action is hereby **TRANSFERRED** to the U.S. District Court for the Southern District of Mississippi, Southern Division.

    3.      The Clerk should terminate all pending motions and deadlines, and after transfer has been effectuated, should close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 6th day of January, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record